IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **ALLEN DIRRON NORRID,** § | |
|     Petitioner, § | |
| § | |
| v. § | 3:06-CV-834-D |
| § | |
| **DOUGLAS DRETKE, DIRECTOR,** § | |
| **TEXAS DEPT. OF CRIMINAL JUSTICE**, § | |
| **CORRECTIONAL INSTITUTIONS DIVISION** § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The Findings, Conclusions and Recommendation of the Magistrate Judge follow:

**Background:** Petitioner is a state prisoner currently incarcerated in the Texas Department of Criminal Justice - Correctional Institutional Division (TDCJ-CID). Defendant Douglas Dretke is Director of TDCJ-CID.

Petitioner filed this writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his state court conviction for solicitation of capital murder in the 213th Criminal District Court, Tarrant County, Texas.

**Discussion:** Jurisdiction in a habeas corpus action is determined by 28 U.S.C. § 2241(d). That statue provides:

> Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court or of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall concurrent jurisdiction to entertain the application. The district court for the district

wherein such an application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination.

28 U.S.C. § 2241(d); *see also In re Green*, 39 F.3d 582, 583-84 (5th Cir. 1994). Consequently, state prisoners may file a federal habeas corpus petition either in the district where they are confined or where they are convicted.

In this case, Petitioner was convicted in Tarrant County, Texas, which is in the Northern District of Texas, Fort Worth Division. *See* 28 U.S.C. § 124. In a habeas corpus proceeding, if there is any possibility that an evidentiary hearing may be necessary, the action should be transferred to the district or division in which Petitioner was convicted and sentenced. *Itson v. Johnson*, No. 3:01-CV-0143-L, 2001 WL 210451 (N.D. Tex. Feb. 28, 2001) (citing *Laue v. Nelson*, 279 F. Supp. 265, 266 (N.D. Cal. 1968)). Petitioner was convicted and sentenced in the Fort Worth Division. Therefore, the Court hereby recommends that Petitioner's habeas corpus petition filed pursuant to 28 U.S.C. § 2254 be transferred to the Fort Worth Division of the United States District Court for the Northern District of Texas.

## RECOMMENDATION

For the foregoing reasons, the Court recommends that the District Court transfer this habeas corpus petition to the Fort Worth Division of the United States District Court for the Northern District of Texas.

Signed this 16th day of May, 2006.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO OBJECT

The United States District Clerk shall serve a copy of these findings and recommendations on Petitioner.  Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings and recommendations must file and serve written objections within ten (10) days after being served with a copy.  A party filing objections must specifically identify those findings and recommendations to which objections are being made.  The District Court need not consider frivolous, conclusory or general objections.  The failure to file such written objections to these proposed findings and recommendations shall bar that party from a *de novo* determination by the district court.  *See Thomas v. Arn*, 474 U.S. 140, 150 (1985).  Additionally, the failure to file written objections to proposed findings and recommendations within ten (10) days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996)(en banc).